### C. E. WYNNE v. P. J. WILLIS & BRO.

#### No. 2818.

1. **Limitation of Two Years.**—Wynne as assignee of Hudson & Son made a payment to Willis & Bro. on their claim presented against the estate, not sworn to as the statute requires. The payment was made October 13, 1881, with full knowledge on part of Wynne that the claim was not properly authenticated. *Held*, in a suit filed June 27, 1887, by Wynne to recover the amount so paid, that the action was barred by the statute of limitation of two years.

2. **Same—Bar to the Statute.**—On March 3, 1883, other creditors sued the assignee to recover the sum improperly paid to Willis & Bro. The defendant notified Willis & Bro. of the suit, and requested them to defend it. They did not do so. Judgment was rendered against the assignee, which was affirmed on appeal October 22, 1886. *Held*, that these proceedings did not stop the running of the statute of limitations.

3. **Same.**—Nor was the statute of limitations stopped by the existence of a secret agreement between the assignors and Willis & Bro. and another creditor by which Willis & Bro. were paid for assenting to the assignment.

4. **Subrogation.**—It not appearing that Wynne had paid the judgment rendered against him in favor of the other creditors, he could not be subrogated to their claim to recover the payment made to Willis & Bro. But in case of subrogation the assignee would take the claim subject to the statute which ran against the creditors from the time the payment was made.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Robert G. Street,* for appellant. — 1. P. J. Willis & Bro. had no valid claim against the assigned estate at the time of their letter of acceptance to the assignee, or the filing of the statement of their claim, or the payment of the dividend thereon, and the payment having been made by the assignee in good faith, without knowledge or notice of the facts affecting the integrity of their claims concealed from him by the defendants, and the payment having been induced by the misrepresentation of the defendants contained in their letter of acceptance, the statement of their claim, and their receipt for the dividend, the plaintiff is entitled to recover back the money so paid; and it is no reply that had the representations been true the assignee would be in the same position he now is, and that

the payment was owing to ignorance of law in paying on a claim not supported by affidavit, for it was the defendants' false statements that put in motion the steps that led to the payment, without which there had been none.    Ramey v. Allison, 64 Texas, 697; Moreland v. Atchison, 19 Texas, 303; Emerson v. Navarro, 31 Texas, 334; Lewis v. San Antonio, 7 Texas, 288; Northrop v. Graves, 19 Conn., 548; Kerr on Fraud and Mist., 402, and note; Snell v. Ins. Co., 98 U. S., 18.

2.  The obtaining of the money by the defendants from the assignee by misrepresentations, when they were neither legally nor morally entitled to it, and the payment by the assignee in good faith, believing them both legally and morally entitled, raised an implied promise on the part of the defendants to indemnify and save harmless the assignee; and due notice to them to defend when suit was brought against them for its recovery was effectual to make binding on them the judgment of October 22, 1886; and this suit brought in June, 1887, on such implied promise, is not barred by limitation, but is brought within competent time.    Hillman v. Wilcox, 30 Me., 170; Hackby v. Sargent, 5 B. Mon., 86; Gilmer v. Wilber, 12 Pick., 120; Richards v. Kellman, 10 Mass., 239; Rutherford v. McIver, 21 Ala., 750; Ross v. Pierson, 21 Ala., 473; Moore v. Appleton, 26 Ala., 633; Gower v. Emory, 18 Me., 79.

3.  Force and effect of the judgment on the defendants as indemnitors, in view of the notice to them to defend.    Charles v. Hoskins, 83 Am. Dec., 385, and note.

*McLemore & Campbell* and *George E. Mason,* for appellees. — 1. (1) On a suit based on the ground that there had been a judgment against plaintiff because he had paid a dividend on technically defective proof, the only question the court can consider is whether the ground of the judgment against plaintiff gives him the right of recovery.

(2)  The court below found as facts, which are not controverted in assignment of error, that the money was not paid to P. J. Willis & Bro., but to Kaufman & Runge, and appellant made the payment on the written stipulation of P. J. Willis & Bro. that there should be no recourse on them by reason of the payment.

(3)  The court found as matter of law, not questioned by assignment of error, that there was no fraud in the tripartite agreement and the claim presented to assignee valid, though not technically proven.

(4)  The court found as matter of fact that is not controverted that appellant took advice of two lawyers before making payment, and one of them was on appellant's bond as assignee, and the other was the attorney who drew the tripartite agreement, and that the payment was purely voluntary on mistake of law, and made under full knowledge of all the facts.

2.  To the second proposition of appellant appellees answer:

(1)  The first part, in its assertion that the money was obtained by mis-

representations and on a void claim, is an assumption of facts and law directly in the face of the findings of the court below, and the facts as the case stands before this court are admitted, not having been questioned by assignment of error. The court found the claim was valid; that there was no misrepresentation, but that one at least of the attorneys who made mistake in the law given appellant knew all the facts of the tripartite agreement, having drawn it, and knew the technical conditions of the claim as filed, and that there was no mistake of fact but purely of law.

(2) As to the latter part of the second proposition for appellant, appellees answer that the notice by appellant to appellees would not stop limitation. Appellees refused to acknowledge any responsibility.

(3) Appellees present as an independent proposition that the court found that the dividend was paid to Kaufman & Runge under a pure mistake of law, and this is not objected to by any assignment of error, and the matter stands as an admitted voluntary payment on which there could be no recovery back even if appellees had received the money. Gilliam v. Alford, 69 Texas, 271; Galveston County v. Gorham, 49 Texas, 303.

3. If the tripartite agreement cuts any figure in this case, and there was any obligation on appellees to make it known to Wynne personally, and not rely on the knowledge of Wynne's attorney who drew said agreement, then the evidence shows Wynne did know of the tripartite agreement before he was sued; and if the want of personal knowledge gave him any cause of action it is barred. Calhoun v. Burton, 64 Texas, 510; Kleinecke v. Woodward, 42 Texas, 315; Murchison v. White, 54 Texas, 78.

4. The correspondence between Wynne, assignee, and the attorney for appellees shows that the mistake of law was mutual, and that it was not considered by either party that a judgment had to be proven by affidavit.

STAYTON, CHIEF JUSTICE.—Appellant, as assignee of the estate of Hudson & Son, insolvent debtors, who had made an assignment for the benefit of such of their creditors as would consent to take under it and release them, paid to appellees through their order in favor of Kaufman & Runge the sum of $8452.17, which was their pro rata of the assigned estate.

Appellees were creditors of Hudson & Son in a much larger sum, and they sent to the assignee a statement of the sum due them, but not sworn to as the statute requires, but did agree to take under the assignment and to release the debtors.

Appellee paid as before stated, but other creditors of the insolvent estate brought an action against him to recover the sum so paid, on the ground that he was not authorized to pay a claim not properly authenticated. They obtained a judgment against him, which was affirmed by this court. Wynne v. Hardware Co., 67 Texas, 40.

That judgment appellant has never satisfied in whole or in part, but now sues to recover from appellees the sum paid on their claim.

The facts here stated, except the nonpayment of the judgment, are alleged in the petition.

It is not made clearly to appear whether appellant seeks to recover on the ground that he made the payment under mistake of law, having knowledge of all the facts, or on ground thus stated in brief of his counsel:

"2. He shows to the court that the fact is, but was not known to him at the time of the payment, that before their acceptance of the assignment and filing of their claim defendants had entered into a secret agreement with Kaufman & Runge and the assignors, whereby they agreed in consideration, among other things, of the payment of $5000 by the assignors to accept the assignment, and agreed to accept said payment of $5000 and certain other considerations in the agreement mentioned in satisfaction of their judgment and in lieu of any benefit or dividend under the assignment; that the said sum of $5000 was accordingly paid the defendants under the agreement before this acceptance of the assignment, as well as the further sum of $2000 exacted outside the agreement; but he says that the defendants, wrongfully intending to deceive, mislead, and defraud petitioner, concealed said agreement from him, and accepted said assignment and filed their purported claim with him, wrongfully intending to induce him thereby, in ignorance of the facts, to pay said dividend, whereby he was deceived, misled, and induced to pay the same. He says there was no contract, agreement, or understanding between him and the defendants with respect to the payment of said dividend other than as stated, and especially was he not privy to any contract, agreement, or understanding, expressed or implied, in the direction endorsed by defendants on their said receipt to pay the same to Kaufman & Runge without recourse. He charges the liability of defendants to repay the money so paid them, with interest and counsel fees; demand and refusal."

This action was commenced on June 27, 1887, while the dividend was paid to order of appellees on October 13, 1881, with full knowledge that the claim had not been properly authenticated.

On March 3, 1883, creditors of Hudson & Son brought the suit against appellant to recover the sum by him improperly paid to appellees' order, and recovered a judgment on December 7, 1884, against him, which on appeal was affirmed October 22, 1886.

When suit was brought against appellant he notified appellees of its pendency and requested them to defend it, but this they did not. At the time dividend was paid appellant did not know of the secret agreement pleaded, but he did know of the agreement as early as February 3, 1883. Whether that agreement is susceptible of the interpretation put upon it by appellant it is not now necessary to determine.

Appellees answered by demurrers general and special, thus setting up the statutes of limitation as a bar, and they further answered by a general denial, and pleaded the statutes of limitation of two and four years. Demurrers were all overruled, but on hearing the facts the court held that the action was barred by the statutes of limitation.

We do not see any ground on which the correctness of this ruling can be seriously questioned. If appellant ever had cause of action it accrued more than five years before this action was brought; he had knowledge of the secret agreement pleaded for more than four years before this action was brought; and the fact that he requested appellees to defend the action brought against him in no manner interrupted the running of the statute. The claim was barred within two years after the cause of action arose, and that existed as fully immediately after the money was paid on order of appellees as did it when this action was brought.

It is not perceived on what theory it could be held that anything occurring under the secret agreement alleged to have been made between Hudson & Son and appellees gave appellant cause of action. If other creditors consenting to take under the assignment would have right to recover from appellees any sum by them wrongfully received, through which their dividends were diminished, appellant could not be subrogated to their rights unless he had paid to such creditors or to his successor the sum for which judgment was obtained against him on account of his wrongful payment to appellees. This he has not done in whole or in part; but had he, as limitation would run in favor of appellees against such creditors as well as appellant, he would have to assert the right acquired by subrogation subject to all defenses appellees could urge against it if prosecuted by other creditors. In any event the claim would be barred by limitation.

It is unnecessary to inquire whether the general demurrer should not have been sustained.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered March 21, 1890.